O. J. MORRISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27739.   Promulgated April 21, 1930.

*M. M. Doyle, Esq.*, and *A. H. Toothman*, *Esq.*, for the petitioner. *C. H. Curl, Esq.*, for the respondent.

636

[redacted]

OPINION.

STERNHAGEN: The respondent determined an overassessment for 1922 and therefore there is nothing before the Board in respect of that year. *Cornelius Cotton Mills*, 4 B. T. A. 255, and numerous subsequent decisions, the latest being *Lowe & Campbell Athletic Goods Co.*, 18 B. T. A. 1134.

1. The first question is presented by the following assignment of error:

(a) Failure on the part of the Commissioner to allow as a deduction against income, in 1923 * * * for business traveling expense in the total amounts of $2,617.25, * * *

The allegation of fact in support of this assignment is as follows:

(a) Taxpayer has a considerable investment and business interest in Florida. He is also actively interested in and has a general supervision over several stores widely separated in the State of West Virginia, and known as the "Morrison Stores." In looking after his interests the taxpayer is at a considerable traveling expense for which he is not remunerated from any source. Taxpayer's claim on this account is disallowed by the Commissioner because "it is virtually impossible to verify and segregate business and personal expenses of this nature."

The respondent's answer to this amended petition denies not only the error but also the allegation of fact. Taking the pleadings literally, it might be said that the respondent denies that he disallowed any deductions taken by the taxpayer for traveling expenses. At most the issue framed by the taxpayer is equivocal and to the extent therefore that it involves substantial doubt, such doubt must be attributed to the defect of the petition. The taxpayer's returns are not in evidence and there is no testimony or evidence otherwise in this record from which it can be determined whether any deduction was taken by the taxpayer on his return and if so whether such deduction or any other deduction claimed in respect of traveling expenses has been disallowed by the respondent. The notice of deficiency appended to the petition from which the present proceeding springs contains no reference to a disallowance of traveling expenses or to any controversy over such an item.

We have, however, examined the evidence with a view to deciding whether the deficiency determined by the respondent should be to any extent redetermined by allowing to petitioner any deduction for traveling expenses alleged to be paid or incurred as ordinary and necessary expenses of carrying on petitioner's trade or business, under section 214 (a)(1), Revenue Act of 1921. The evidence, like the pleadings, has been badly prepared and leaves the record in considerable uncertainty. It consists, upon this point, of the oral testimony of the petitioner and the deposition of the woman who kept the accounts of the store at Charleston. With this deposition were introduced as exhibits two accounting sheets purporting to show the entries relating to traveling expenses for 1922 and 1923. From the oral testimony of the witnesses it appears that these sheets are supposed to be transcripts from the books of the stores disclosing the stores' account with the petitioner wherein he is credited with salary and debited with withdrawals and purchases. There are, however, extraneous statements appearing upon the exhibits and also oral statements of counsel suggesting that the exhibits represent transcripts taken from the accounts not of the stores but of the petitioner individually. So far as it may be necessary to resolve this conflict, we should incline to treat the figures shown on the exhibits as reflecting

the stores' accounts rather than those of the petitioner; although this leaves wholly inconsistent the statement of the petitioner that the stores had nothing to do with advancing expenses of the Florida trip and the inclusion nevertheless of the amount of such expenses in the account of the stores transcribed in Exhibit F.

Thus we are brought to the substantive question whether the evidence requires a finding that the petitioner in the course of his business in 1923 paid or incurred traveling expenses in any amount, and, if so, whether from the evidence the amount can be fixed. In our opinion the evidence is insufficient to establish such expense. It appears that Morrison from time to time withdrew amounts from the stores and that the bookkeeper assumed in each instance that such amounts represented business expenses and so treated them on the account. She knew nothing of the nature of the petitioner's disbursements of these amounts or of any other fact in respect thereof except the fact of petitioner's withdrawal of the amount from the cash of the stores. The petitioner himself kept no record of his disbursements and was entirely unable to recall the facts relating to any of them or to testify how any item had been spent. He testified generally as to his belief that the amount claimed was "practically all" used to pay traveling expenses, but this leaves an intimation that some of it may have been otherwise spent.

In this condition of the evidence we find no warrant for a finding of fact that any part of the amounts so withdrawn in 1923 constituted ordinary and necessary expenses of carrying on petitioner's business. The Board is in no position from this record to make such an estimate as is suggested in *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, even if it were to assume from the evidence that some such amounts were paid and that no part thereof had been allowed as a deduction by the respondent.

Of the amount of $2,617.25 claimed in the petition, there is an added difficulty in respect of $1,005 expended on a trip to Florida. The petitioner testified that this amount was withdrawn by him from his individual bank account, having no relation to the stores, and that with it he purchased traveler's checks which he used to pay railroad fare to and from Florida and expenses, including attorney's fees, in effecting a compromise of a dispute in respect of the title to land which he there owned or claimed to have owned. This amount was shown in the exhibit which was said to be a correct transcript of the books of the stores. But, leaving aside that apparent confusion and passing immediately to the merits of the deductibility of the amount, it must be held that this has not been established. Clearly, if the Florida property was held for residence purposes either presently or prospectively, the cost of settling a dispute as

to title could not be deducted as a business expense. But even if the property were held for investment, the disbursement necessary to perfect the petitioner's title is not an ordinary and necessary business expense, irrespective of whether it should be capitalized as part of the investment cost. Cf. *Seletha O. Thompson*, 9 B. T. A. 1342; *Shaw-Hayden Building Co.*, 18 B. T. A. 949. It is therefore held that no redetermination of the deficiency should be made by reason of any part of the amount of $2,617.25 claimed as traveling expenses for 1923.

2. Petitioner's second claim is for a deduction of $650 on account of a loan made to his nephew during 1921 and 1922. The evidence does not go far enough to establish either that the debt was in the taxable year ascertained to be worthless under section 214 (a) (7) or that a loss was in the taxable year sustained under section 214 (a) (4), (5) or (6). The petitioner neither exhausted his remedy of collection nor otherwise demonstrated the worthlessness of his claim. The nephew has since the loan told petitioner that he would try to pay the amount although at the time he was unemployed. His temporary unemployment is alone not proof of worthlessness. The voluntary forgiveness of a claim will not support a deduction for loss or bad debt. In our opinion no error has been shown in the deficiency in respect of this item.

3. The petitioner contends that no profit was realized in 1923 on the sale of the Humphreys stock; and that, failing this, such profit was not entirely his but one-half his wife's because she owned one-half the stock. The stock was all in petitioner's name and respondent has found it to have been his at the time of sale. But even if petitioner has proved his wife's ownership, there is no evidence from which we can find the profit or the amount thereof attributable to his wife, and respondent's determination would require to be upheld for want of evidence to destroy it. But after considering the evidence submitted to prove the wife's ownership, there is less than enough to establish this as a fact. From the wife's testimony it appears that she knew little or nothing of her alleged ownership of the stock or of the profits or dividends derived therefrom, and the evidence of conversations with others falls short of proving ownership. We have omitted to find as a fact that the stock was to any extent owned by the wife, and it follows that no redetermination of the deficiency should be made in respect of the Humphreys stock.

4. This is likewise true as to the Morrison Store Co. stock which petitioner claims to have transferred to his wife in 1923. The transfer was recorded in 1924, and we think the evidence is not

sufficient to establish ownership in the wife in 1923. Nor is there evidence of the amounts alleged to be excessively included by respondent in petitioner's income, and no redetermination on this account could be made in any event.

The respondent's determination is sustained in all respects.

*Judgment will be entered for the respondent.*